UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYSTEMATIC RECYCLING, LLC,

            Plaintiff,             Case Number 09-11430
v.             Honorable David M. Lawson

CITY OF DETROIT and WILLA J.
WILLIAMS,

            Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter is before the Court on the plaintiff's motion for reconsideration of the Court's January 24, 2013 opinion and order granting the defendants' motion for summary judgment. The plaintiff contends that (1) the Court erred in finding that the City had the authority under its zoning ordinance to revoke the plaintiff's conditional land use grant, (2) the Court was misled by the City's factual assertion that it had no inappropriate *ex parte* contact with the administrative hearing officer through law clerk Nathaniel Gallegos, and (3) the Court erred in finding as a matter of law that the plaintiff could not make out a claim for violation of its rights under the Equal Protection Clause. The Court finds that the plaintiff has not demonstrated any palpable defect by which the Court was misled in reaching its ruling on the motions for summary judgment, and it therefore will deny the motion for reconsideration.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted).

"Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. LR 7.1(h)(3).

Here the plaintiff seeks merely to relitigate the same issues that were already presented to and decided by the Court. In its opinion and order on the motion for summary judgment, the Court explained in detail the legal basis of its finding that the plain language of the City's zoning ordinance granted ample authority to revoke the conditional land use grant. [dkt. #77] at 17-18. Likewise, the Court explained that the plaintiff had offered no record facts to support its contention that the law clerk in question was employed by the City Law Department. The plaintiff attached as an exhibit to its motion for reconsideration the LinkedIn.com profile of Nathaniel Gallegos, which states that he was a "Law Clerk" for the "City of Detroit." This exhibit does not establish, as the plaintiff claims, that Mr. Gallegos worked for the Law Department; it only suggests that he worked as a law clerk for some organ of the City. Nothing in the record supports the finding that the memorandum submitted to the hearing officer was prepared by a Law Department employee, or that it represented inappropriate *ex parte* contact between the Law Department and the hearing officer. Finally, the Court has twice rejected the plaintiff's equal protection claims, both in its recent opinion and order and in its prior opinion and order denying the plaintiff's motion for injunctive relief. The present motion provides no substantial factual or legal basis for reconsidering those rulings. The plaintiff has not identified any palpable defect in either the factual record or the legal authority relied upon by the Court in its opinion and order granting the defendants' motion for summary judgment, and the motion therefore must be denied.

Accordingly, it is **ORDERED** that the plaintiff's motion for reconsideration [dkt. #79] is **DENIED**.

                                                s/David M. Lawson  
                                                DAVID M. LAWSON  
                                                United States District Judge

Dated: February 15, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 15, 2013.

                                      s/Shawntel Jackson  
                                      SHAWNTEL JACKSON